The State v. Risley, *Appellant.*

Division Two, November 20, 1896.

1. **Criminal Practice:** MURDER: MANSLAUGHTER: INSTRUCTIONS. It is not error to refuse an instruction on manslaughter, there being no evidence to reduce the offense below that of murder.

2. ———: ———: ———: ———. Where the evidence shows a clear case of murder in the first degree, the defendant can not complain of instructions on murder in the second degree.

*Appeal from Ozark Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Love & Harrison* for appellant.

(1) The verdict is against the evidence and is the result of passion and prejudice, and should be set

aside. *State v. Primm*, 98 Mo. 368; *State v. Lowe*, 93 Mo. 547. (2) The court should have instructed the jury for the degrees of manslaughter on the testimony. R. S. 1889, sec. 4208; *State v. Palmer*, 88 Mo. 568. (3) Defendant's testimony for the purpose of instructing the jury occupied the same footing as any other witness. *State v. Palmer*, 88 Mo. 568; *State v. Andrews*, 86 Mo. 310. (4) The court should not have admitted the testimony of Lizzie Wright as to what had taken place at a dance more than two months before the homicide. 1 Wharton, Criminal Law [5 Ed.:], sec. 647. (5) The state had no right to prove that deceased said that Risley tried to cut his throat at the dance. 1 Wharton, Criminal Law [5 Ed.], sec. 662.

*R. F. Walker*, attorney general, for the state.

(1) There is nothing in the entire transcript to show that the bill of exceptions was ever filed. If filed during term time, the record entry must show it; if filed at any time after the adjournment of the term, the indorsement must appear upon the bill of exceptions; neither appear from this record; hence this appeal must be determined from the record proper. *Lafollette v. Thompson*, 83 Mo. 199. (2) There is no error in the record proper, the indictment is in the usual form and the judgment should be affirmed.

GANTT, P. J.—At the February term, 1895, of the circuit court of Ozark county the defendant, commonly called and known as Kelsaw Risley, was indicted for the murder of Garrett Wright on the night of December 24, 1894. The cause was continued to the August term, 1895. The defendant was duly arraigned and put upon his trial at said term and was convicted of

murder in the second degree and his punishment assessed by the jury at forty years in the penitentiary.

No error is assigned on the record proper and a careful reading discloses none. No exceptions whatever are taken to the instructions of the court as given, but complaint is made that the court erroneously declined to give an instruction on manslaughter.

There was not a word of evidence to justify the court in giving an instruction for manslaughter not even in the defendant's own testimony. Beyond the cavil of a doubt the defendant deliberately shot and killed deceased while deceased was eating oysters and at a time when he was giving defendant no provocation whatever for killing him. A careful scrutiny of the evidence discloses nothing but a case of cold blooded, deliberate murder in the first degree and defendant is in no condition to avail himself of the mistaken mercy extended to him by the court and the jury. The judgment of the circuit court is affirmed. SHERWOOD and BURGESS, JJ., concur.